# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DEANNA McEACHERN, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 2:19-cv-13084-SJM-RSW |
| Plaintiff, | |
| v. | (Case No. 2019-176683-CK in the Circuit Court for the County of Oakland, Michigan) |
| WHIRLPOOL CORPORATION, | |
| Defendant. | |

## WHIRLPOOL CORPORATION'S MOTION
## FOR JUDGMENT ON THE PLEADINGS

Defendant Whirlpool Corporation ("Whirlpool") moves under Rule 12(c) of the Federal Rules of Civil Procedure and Local Rule 7.1 of the Eastern District of Michigan for judgment on the pleadings on Plaintiff's Complaint and Demand for Jury Trial. (ECF No. 1-2.) In support of this motion, Whirlpool relies on the arguments in the accompanying brief; the Declaration of Jacquelyn R. Lin (Exhibit 1) and the documents appended thereto (Exhibits 1.A and 1.B); the arguments of counsel; and other further matters as this Court may consider.

As required by Eastern District of Michigan Local Rule 7.1(a), counsel from Whirlpool sought concurrence from counsel for Plaintiff on October 23, 2019 and again on October 30, 2019. Whirlpool's counsel delivered to Plaintiff's counsel a near-final draft of Whirlpool's brief in support of this motion, which explains in detail the legal bases of the motion. Plaintiff did not agree to any part of the relief Whirlpool seeks here and opposes this motion.

Dated: November 1, 2019

Respectfully submitted,

*s/ Michael T. Williams*

Howard B. Iwrey
James P. Feeney
Dykema Gossett PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
Phone:  248.203.0526
Email:  hiwrey@dykema.com
        jfeeney@dykema.com

Michael T. Williams (CO Bar #33172)
Jessica G. Scott (CO Bar #37287)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Phone:  303.244.1800
Email:  williams@wtotrial.com
        scott@wtotrial.com

*Attorneys for Defendant Whirlpool Corporation*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

DEANNA McEACHERN, Individually
and on Behalf of All Others Similarly
Situated,

       Plaintiff,

   v.

WHIRLPOOL CORPORATION,

      Defendant.

Civ. No. 2:19-cv-13084-SJM-RSW

# WHIRLPOOL CORPORATION'S MEMORANDUM IN SUPPORT
# OF MOTION FOR JUDGMENT ON THE PLEADINGS

## STATEMENT OF THE ISSUES PRESENTED

The main issue presented by this motion is whether the Court should issue judgment on the pleadings because Plaintiff Deanna McEachern fails to state claims on which relief can be granted. The specific issues are:

1.A.   Given that Plaintiff does not allege that she was ever exposed to any allegedly misleading statement or advertising by Whirlpool about the two ovens with AquaLift Self-Clean Technology (the "Ovens") she bought, should the Court dismiss her Michigan Consumer Protection Act ("MCPA") claim for fraud and express warranty?

1.B.   Given that Plaintiff admits in her Complaint that she bought her two Ovens from third-party retailers, should the Court dismiss her MCPA claim for breach of express warranty?

1.C.   Given that Plaintiff does not claim that her Ovens are unfit for cooking food and, instead, alleges only that an ancillary feature of her Ovens (i.e., the AquaLift cleaning feature) did not meet her subjective expectation, should the Court dismiss her MCPA claim for breach of implied warranty?

2.   Given that Plaintiff admits in her Complaint that she is not in contractual privity with Whirlpool, and given that Whirlpool's contracts with its retailers expressly disclaim the creation of any third-party rights, should the Court dismiss Plaintiff's contract claim?

# <u>STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

**<u>Michigan Consumer Protection Act:</u>**

- Federal Rule of Civil Procedure 9(b)

- *Dow Corning Corp. v. Weather Shield Mfg., Inc.*, 790 F. Supp. 2d 604, 610 (E.D. Mich. 2011)

- *Heritage Res., Inc. v. Caterpillar Fin. Servs. Corp.*, 774 N.W.2d 332 (Mich. Ct. App. 2009)

- *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 155 F. Supp. 2d 1069 (S.D. Ind. 2001)

- *In re OnStar Contract Litig.*, 278 F.R.D. 352 (E.D. Mich. 2011)

- *Zanger v. Gulf Stream Coach, Inc.*, No. 15-72300, 2005 WL 3416466 (E.D. Mich. Dec. 13, 2005)

**<u>Breach of Contract:</u>**

- Mich. Comp. Laws § 600.1405(a)

- *Downriver Internists v. Harris Corp.*, 929 F.2d 1147 (6th Cir. 1991)

- *Judkins v. HSBS Mortg. Servs.*, No. 13-CV-12357, 2014 WL 1250136 (E.D. Mich. Mar. 26, 2014)

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

STATEMENT OF THE ISSUES PRESENTED ......................................................i

STATEMENT OF CONTROLLING OR  MOST APPROPRIATE AUTHORITY....................................................................................................ii

TABLE OF AUTHORITIES...............................................................................iv

INTRODUCTION ...............................................................................................1

SUMMARY OF PLAINTIFF'S ALLEGATIONS ..............................................2

ARGUMENT .......................................................................................................4

I.  PLAINTIFF HAS NOT PLEADED FACIALLY PLAUSIBLE MCPA CLAIMS FOR FRAUD OR BREACH OF WARRANTY ...........................5

    A.  Plaintiff Fails to Plead a Plausible MCPA Fraud Claim......................5

    B.  Plaintiff Fails to Plead a Plausible MCPA Express Warranty Claim..................................................................................................9

    C.  Plaintiff Fails to Plead a Plausible MCPA Implied Warranty Claim.................................................................................................11

II.  PLAINTIFF FAILS TO PLEAD A FACIALLY PLAUSIBLE CLAIM FOR BREACH OF CONTRACT UNDER MICHIGAN LAW...................................................................................................12

CONCLUSION ..................................................................................................16

# TABLE OF AUTHORITIES

Page

## Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................4

*Atlas Techs., LLC v. Levine*,
  268 F. Supp. 3d 950 (E.D. Mich. 2017) ...............................................6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ..............................................................................15

*Coffey v. Foamex, L.P.*,
  2 F.3d 157 (6th Cir. 1993) ......................................................................8

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*,
  508 F.3d 327 (6th Cir. 2007) ................................................................15

*Dow Corning Corp. v. Weather Shield Mfg., Inc.*,
  790 F. Supp. 2d 604 (E.D. Mich. 2011) .................................................9

*Downriver Internists v. Harris Corp.*,
  929 F.2d 1147 (6th Cir. 1991) ..............................................................13

*Engler v. Arnold*,
  862 F.3d 571 (6th Cir. 2017) ..................................................................4

*Guaranteed Constr. Co. v. Gold Bond Prods.*,
  395 N.W.2d 332 (Mich. Ct. App. 1986) ...............................................11

*H & H Wholesale Servs., Inc. v. Kamstra Int'l, B.V.*,
  373 F. Supp. 3d 826 (E.D. Mich. 2019) ...............................................14

*Heritage Res., Inc. v. Caterpillar Fin. Servs. Corp.*,
  774 N.W.2d 332 (Mich. Ct. App. 2009) ...............................................10

*Home Owners Ins. Co. v. ADT LLC*,
  109 F. Supp. 3d 1000 (E.D. Mich. 2015) ............................................7-8

# TABLE OF AUTHORITIES (cont.)

Page

*In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*,
    155 F. Supp. 2d 1069 (S.D. Ind. 2001) ............................................................5, 6

*In re OnStar Contract Litig.*,
    278 F.R.D. 352 (E.D. Mich. 2011) .....................................................................6, 7

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    996 F. Supp. 2d 942 (S.D. Cal. 2014)...................................................................9

*Judkins v. HSBS Mortg. Servs.*,
    No. 13–CV–12357,
    2014 WL 1260136 (E.D. Mich. Mar. 26, 2014) .................................................14

*Kisiel v. Holz*,
    725 N.W.2d 67 (Mich. Ct. App. 2006) ...............................................................15

*Kottmyer v. Maas*,
    436 F.3d 684 (6th Cir. 2006) ..................................................................................4

*Kussy v. Home Depot USA, Inc.*,
    No. 06-12899,
    2006 WL 3447146 (E.D. Mich. Nov. 28, 2006) ...................................................5

*Michels v. Monaco Coach Corp.*,
    298 F. Supp. 2d 642 (E.D. Mich. 2003).........................................................5, 11

*Mikos v. Chrysler Corp.*,
    404 N.W.2d 783 (Mich. Ct. App. 1987) ...............................................................5

*Montgomery v. Kraft Foods Glob., Inc.*,
    822 F.3d 304 (6th Cir. 2016) ...............................................................10, 11, 12

*Montgomery v. Kraft Foods Glob., Inc.*,
    No. 1:12–CV–00149,
    2012 WL 6084167 (W.D. Mich. Dec. 6, 2012) ..................................................14

*Papasan v. Allain*,
    478 U.S. 265 (1986)................................................................................................9

## <u>TABLE OF AUTHORITIES (cont.)</u>

<u>Page</u>

*Rosenbaum v. Toyota Motor Sales, USA, Inc.*,
  708 F. App'x 242 (6th Cir. 2017) ........................................................................10

*Rosenbaum v. Toyota Motor Sales, USA, Inc.*,
  No. 16-CV-12645,
  2016 WL 9775018 (E.D. Mich. Oct. 21, 2016) ...........................................10, 12

*Schechner v. Whirlpool Corp.*,
  237 F. Supp. 3d 601 (E.D. Mich. 2017)..............................................................13

*Schechner v. Whirlpool Corp.*,
  No. 2:16-cv-12409,
  2019 WL 4891192 (E.D. Mich. Aug. 13, 2019) ...................................................1

*Shain v. Advanced Techs. Grp., LLC*,
  No.  16-10367,
  2017 WL 768929 (E.D. Mich. Feb. 28, 2017) .......................................................7

*Stewart v. Electrolux Home Prods., Inc.*,
  304 F. Supp. 3d 894 (E.D. Cal. 2018) ............................................................11-12

*Storey v. Attends Healthcare Prods., Inc.*,
  No. 15-CV-13577,
  2016 WL 3125210 (E.D. Mich. June 3, 2016)...................................................6, 7

*U.S. v. Walgreen Co.*,
  846 F.3d 879 (6th Cir. 2017) ................................................................................8

*Zanger v. Gulf Stream Coach, Inc.*,
  No. 15-72300,
  2005 WL 3416466 (E.D. Mich. Dec. 13, 2005) ..............................................5, 11

## <u>Statutes, Rules and Regulations</u>

Fed. R. Civ. P. 9(b)...................................................................................................6

Mich. Comp. Laws § 440.2314(2)(c) .....................................................................11

Mich. Comp. Laws § 445.903 ...................................................................................5

# TABLE OF AUTHORITIES (cont.)

Page

Mich. Comp. Laws § 445.911 ....................................................................5

Mich. Comp. Laws § 600.1405(1).............................................................14

## **INTRODUCTION**

Plaintiff Deanna McEachern's lawyers already have sued Whirlpool Corporation three times in putative class actions based on its advertising and marketing of proprietary AquaLift Self-Clean Technology ("AquaLift"). In the first of those cases, the Court denied the plaintiffs' motion for class certification. *Schechner v. Whirlpool Corp.*, No. 2:16-cv-12409, 2019 WL 4891192 (E.D. Mich. Aug. 13, 2019). Shortly after that ruling, Plaintiff's lawyers filed this case in Oakland County, Michigan, Circuit Court, seeking to re-litigate the putative Michigan class certification issues. Whirlpool removed this case pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), and now moves for judgment on the pleadings under Rule 12(c).

Taking all allegations in Plaintiff's Complaint as true, she was never exposed to Whirlpool's advertising and marketing of AquaLift before she bought her two ovens with AquaLift Self-Clean Technology (the "Ovens"). For that reason, the Court should dismiss her Michigan Consumer Protection Act ("MCPA") claim for fraud and express warranty.

To the extent Plaintiff's MCPA claim rests on an express warranty theory, the Court should dismiss that claim for the additional reason that she admits in her Complaint that she is not in privity of contract with Whirlpool.

To the extent Plaintiff's MCPA claim rests on an implied warranty theory, the Court should dismiss her claim because she fails to allege in her Complaint facts that, if true, would show her Ovens are unfit for the ordinary purpose of cooking food. Instead, Plaintiff alleges facts that, if true, would show only that she is subjectively dissatisfied with an ancillary cleaning feature of her Ovens.

Finally, the Court should dismiss Plaintiff's breach-of-contract claim under Michigan law because she admits in her Complaint that she lacks privity with Whirlpool. Although Plaintiff tries to avoid dismissal by making the conclusory allegation that she is a third-party beneficiary of Whirlpool's contracts with the third-party retailers that sold the Ovens to Plaintiffs, such a conclusory allegation is inadequate to state a claim. And Whirlpool's contracts with those retailers—which Plaintiff incorporated by reference in her Complaint and are properly considered for this Rule 12(c) motion—show her conclusory allegation is false and cannot save her claim.

For these reasons, as more fully explained below, the Court should enter judgment for Whirlpool on Plaintiff's Complaint.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff purports to sue Whirlpool on behalf of all persons who bought in the State of Michigan a Whirlpool, Maytag, KitchenAid, or Jenn-Air brand Oven with AquaLift technology. (Compl. ¶¶ 9, 70, ECF No. 1-2, PgID 20, 41.) She

claims that Whirlpool's marketing and advertising misrepresented the effectiveness of AquaLift as self-cleaning technology. (*Id.* ¶¶ 1, 4-6, PgID 18-20.)

Plaintiff alleges that in April 2015 she bought a KitchenAid-brand Oven from Witbeck Home Appliance Mart, Inc., in West Bloomfield, Michigan. (*Id.* ¶ 17, PgID 22.) She alleges that when she ran an AquaLift self-clean cycle for the first time, it did not clean her Oven, forcing her to clean it manually. (*Id.* ¶ 19-21, PgID 22.) She also claims that before she used the AquaLift feature she bought a second Oven—a Whirlpool-brand unit for her rental property—from The Home Depot in June 2016, but does not allege that she has used the AquaLift cycle on that oven. (*Id.* ¶ 17, PgID 22.)

Plaintiff does not allege any facts that, if true, would show she was exposed to any Whirlpool marketing or advertising statement about AquaLift before she bought either Oven. (*Id.* ¶¶ 17-23, PgID 22.) Nor does she claim that any salesperson made a representation to her about AquaLift. (*Id.*) She instead conclusorily alleges that Whirlpool's advertising statements somehow harmed her. (*E.g.*, *id.* ¶¶ 11, 12, 18, PgID 21-22.) Further, she does not make any allegation that, if true, would show that her Ovens failed to cook food—she only makes allegations regarding the AquaLift feature. (*See id.* ¶¶ 11-12, 17-24, 27-69, PgID 20-40.)

Based on her alleged dissatisfaction with AquaLift, Plaintiff asserts claims on behalf of herself and members of a putative class for violations of the Michigan Consumer Protection Act, Mich. Comp. Laws §§ 445.901 *et seq.* ("MCPA") (Count I), and breach of contract (Count II). (Compl. ¶¶ 79-92, PgID 44-47.) She seeks damages, injunctive relief, attorneys' fees, and costs. (*Id.* at 30, PgID 24 (Prayer for Relief).)

## ARGUMENT

Pursuant to Rule 12(c), the Court should enter judgment for Whirlpool on the pleadings and dismiss Plaintiff's Complaint. "To survive a Rule 12(c) motion, the 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible when "the plaintiff pleads fact[s] that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When ruling on a Rule 12(c) motion, the Court must accept all well-pleaded facts as true and construe them in the light most favorable to Plaintiff. *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006). In making its decision, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.*

Even accepting the Complaint's well-pleaded facts as true and construing

them in the light most favorable to Plaintiff, both of Plaintiff's claims fail as a

matter of law. Thus, the Court should dismiss Plaintiff's claims.

## I.   PLAINTIFF HAS NOT PLEADED FACIALLY PLAUSIBLE MCPA CLAIMS FOR FRAUD OR BREACH OF WARRANTY

The MCPA provides a remedy for consumers who have been subjected to

"unfair, unconscionable, or deceptive" conduct. Mich. Comp. Laws §§ 445.903,

445.911. The "great majority of the specific practices enumerated in the [MCPA]

. . . involve fraud," *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 155

F. Supp. 2d 1069, 1107 (S.D. Ind. 2001), and "are to be construed with reference to

the common-law tort of fraud," *Kussy v. Home Depot USA, Inc.*, No. 06-12899,

2006 WL 3447146, at *5 (E.D. Mich. Nov. 28, 2006). Less frequently, an MCPA

claim can be based on a breach-of-warranty theory (either express or implied). *See*

*Zanger v. Gulf Stream Coach, Inc.*, No. 15-72300, 2005 WL 3416466, at *10 (E.D.

Mich. Dec. 13, 2005) (citing *Mikos v. Chrysler Corp.*, 404 N.W.2d 783, 784

(Mich. Ct. App. 1987)); *Michels v. Monaco Coach Corp.*, 298 F. Supp. 2d 642,

651 (E.D. Mich. 2003). Here, Plaintiff fails to plead a facially plausible MCPA

claim under either theory.

### A.   Plaintiff Fails to Plead a Plausible MCPA Fraud Claim

Plaintiff appears to ground her MCPA claim in fraud, citing five different

alleged MCPA violations based on AquaLift's supposed failure to perform as

Whirlpool promised in its advertising statements. (Compl. ¶ 82, PgID 45.) In Michigan, a successful fraud claim satisfies four elements: "1) that the defendant made a material misrepresentation that was false; 2) the defendant knowingly made the false representation with the intent that the plaintiff would act upon it; 3) that the plaintiff acted in reliance upon it; and 4) resulting damages." *In re OnStar Contract Litig.*, 278 F.R.D. 352, 376 (E.D. Mich. 2011) (the plaintiff must establish those elements to pursue an MCPA fraud claim). To successfully plead an MCPA violation based on fraud, Plaintiff also must satisfy Rule 9(b)'s heightened pleading requirements. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *Storey v. Attends Healthcare Prods., Inc.*, No. 15-CV-13577, 2016 WL 3125210, at \*10 (E.D. Mich. June 3, 2016) (dismissing MCPA claim that was not pleaded with particularity); *Bridgestone/Firestone Tires Prods. Liab. Litig.*, 155 F. Supp. 2d at 1107-09 (same). She must identify with particularity "the alleged misrepresentation on which . . . she relied" to plead a plausible MCPA fraud claim. *See Atlas Techs., LLC v. Levine*, 268 F. Supp. 3d 950, 962 (E.D. Mich. 2017).

Plaintiff's MCPA claim sounding in fraud should be dismissed because she has not pleaded facts that, if true, would show she was exposed to any false or misleading statement by Whirlpool about AquaLift before she bought her Ovens. (Compl. ¶¶ 10-12, 17-24, 27-69, 83, PgID 20-40, 45.) Plaintiff generically alleges

only that she "expected the AquaLift feature to self-clean the Oven as represented and advertised," (*Id.* ¶ 18, PgID 22.) Yet she fails to allege any facts showing or identifying what "representation" or "advertisement" she's referring to. Her complaint is devoid of any mention of (i) any marketing statement or advertising she saw, read, or heard before she bought either Oven; (ii) who made such a statement; (iii) where or how she encountered any such statement; and (iv) her reliance on any false or misleading statement when she decided to buy either Oven. (*Id.*) She also does not allege that she spoke to any Whirlpool representative before buying her Ovens. (*Id.* ¶ 17, PgID 22.)

The Court should thus dismiss Plaintiff's MCPA claim for failure to satisfy Rule 9(b)'s particularity requirement. *Storey*, 2016 WL 3125210, at *10. Plaintiff cannot plead (or prove) her individual MCPA claim without pleading facts that, if true, would show actual reliance. *Shain v. Advanced Techs. Grp., LLC*, No. 16-10367, 2017 WL 768929, at *11 (E.D. Mich. Feb. 28, 2017); *OnStar*, 278 F.R.D. at 378. Plaintiff does not meet this standard because she has not pleaded facts showing any particular statement by Whirlpool, let alone facts showing her actual reliance on such a statement. *See Home Owners Ins. Co. v. ADT LLC*, 109 F. Supp. 3d 1000, 1008 (E.D. Mich. 2015) (to satisfy Rule 9(b)'s heightened pleading standard, the plaintiff must allege "at a minimum . . . 'the time, place, and content

of the alleged misrepresentation on which . . . she relied . . . .'" (quoting *Coffey v.*

*Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993))).

To the extent that Plaintiff tries to avoid dismissal by arguing that her

MCPA claim is based on a material omission rather than a misstatement, her

allegations remain insufficient. Although Plaintiff generically attempts to label

some of Whirlpool's affirmative statements as omissions, she fails to identify with

particularity any such statement she actually was exposed to or relied on. (Compl.

¶¶ 10-12, 17-24, 27-69, 83, PgID 20-40, 45.) Without doing so, she cannot identify

any specific statement that was rendered misleading by omission, or identify what

that omission was. She instead pleads generally that Whirlpool did not inform her

that its affirmative statements about AquaLift were false. (*See* Compl. ¶ 82(c),

PgID 45 ("Failing to reveal a material fact – that AquaLift does not function as

advertised . . ); *id.* ¶ 82(e), PgID 45 ("Failing to reveal facts that are material to the

transaction – *i.e.*, that AquaLift does not perform as advertised – in light of

representations of fact made in a positive manner.")). Simply recasting the claimed

misrepresentations as omissions does not relieve Plaintiff of her obligation to plead

reliance. *See U.S. v. Walgreen Co.*, 846 F.3d 879, 881 (6th Cir. 2017) ("We have

no more authority to 'relax' the pleading standard established by Civil Rule 9(b)

than we do to increase it.").

The Court should also look past the form of Plaintiff's allegations to the substance: she is trying to redefine Whirlpool's affirmative statements about AquaLift as omissions. *Cf. Papasan v. Allain*, 478 U.S. 265, 279 (1986) (stating that the Court "look[s] to the substance rather than to the form of the relief sought"). But she does not allege any facts that, if true, show she was exposed to any of these statements that were misleading due to omission. Because Plaintiff has not pleaded reliance on either a misstatement or an omission, the Court should dismiss her MCPA fraud claim. *See, e.g.*, *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 997–98 (S.D. Cal. 2014) (dismissing plaintiffs' MCPA claim where the only alleged misstatements they were exposed to occurred *after* their purchases).

## B.   Plaintiff Fails to Plead a Plausible MCPA Express Warranty Claim

Because Plaintiff does not plead any facts showing that she was exposed to or relied on any statement by Whirlpool before deciding to buy her Ovens, Plaintiff also fails to plead a plausible MCPA claim for breach of express warranty. *See Dow Corning Corp. v. Weather Shield Mfg., Inc.*, 790 F. Supp. 2d 604, 611 (E.D. Mich. 2011) ("[A]dvertisements and promotional literature can be a part of the basis of the bargain and thus constitute express warranty where they are prepared and furnished by a seller to induce purchase of its products and *the buyer relies on the representations*." (emphasis added)).

Her MCPA express warranty theory fails for another reason—that is, she admits in her Complaint she is not in privity of contract with Whirlpool. Plaintiff pleads that she bought both her Ovens from third-party retailers, not from Whirlpool. (Compl. ¶ 17, PgID 22 (she bought her KitchenAid-brand Oven from Witbeck Home Appliance Mart and her Maytag-brand Oven from The Home Depot).) Because "an express warranty is a term of the contract itself, . . . privity of contract *is* necessary for a remote purchaser to enforce a manufacturer's express warranty." *Heritage Res., Inc. v. Caterpillar Fin. Servs. Corp.*, 774 N.W.2d 332, 343, 343 n.12 (Mich. Ct. App. 2009). The Sixth Circuit courts should "follow *Heritage* until the Michigan Supreme Court or another panel of the Michigan Court of Appeals rules otherwise," which has not happened. *Montgomery v. Kraft Foods Glob., Inc.*, 822 F.3d 304, 308-309 (6th Cir. 2016) (internal quotations omitted). Because she bought neither Oven from Whirlpool, Plaintiff and Whirlpool are not in privity, and her MCPA claim based on express warranty fails as a matter of law. *See Montgomery*, 822 F.3d at 308 (affirming dismissal of MCPA claim where the plaintiff admitted she bought her product from a retailer, not the defendants); *see also Rosenbaum v. Toyota Motor Sales, USA, Inc.*, No. 16-CV-12645, 2016 WL 9775018, at *2 (E.D. Mich. Oct. 21, 2016) (same), *aff'd* 708 F. App'x 242 (6th Cir. 2017).

### C.   Plaintiff Fails to Plead a Plausible MCPA Implied Warranty Claim

Plaintiff also may be attempting to plead an MCPA claim based on a breach of implied warranty theory. *See Zanger*, 2005 WL 3416466, at \*10 (indicating that an MCPA claim can rest on a breach of implied warranty); *Michels*, 298 F. Supp. 2d at 651 (considering an MCPA claim based on express and implied warranty theories). But even assuming the allegations in her Complaint are true, she fails to plead a plausible MCPA implied warranty theory.

In Michigan, goods are merchantable if they "are fit for the ordinary purposes for which such goods are used." Mich. Comp. Laws § 440.2314(2)(c). The warranty of merchantability requires only that "goods are of average quality within the industry." *Montgomery*, 822 F.3d at 309 (citation omitted). "Merchantable is not a synonym for perfect." *Id.* (quoting *Guaranteed Constr. Co. v. Gold Bond Prods.*, 395 N.W.2d 332, 336 (Mich. Ct. App. 1986)).

Here, Plaintiff alleges only that her Ovens' self-clean cycle did not meet her subjective expectations; she has not claimed that her Ovens did not cook her food or that they had mechanical or electrical issues that prevented normal operation. (*See* Compl. ¶¶ 19-21, PgID 22.) The implied warranty is not breached, however, when "an ancillary feature itself does not operate as promised, but the product still operates in a safe and reliable manner." *Stewart v. Electrolux Home Prods., Inc.*,

11

304 F. Supp. 3d 894, 913 (E.D. Cal. 2018).[1] Even if AquaLift's performance might have surprised or inconvenienced Plaintiff, "this does not mean that the [oven] is below average quality" and unfit for its ordinary purpose of cooking food. *See Rosenbaum*, 2016 WL 9775018, at *2 (dismissing claim where the plaintiff alleged only that Prius could not operate in electric-only mode in low temperatures, not that vehicle would not operate); *see also Montgomery*, 822 F.3d at 309 (affirming dismissal of MCPA claim where the plaintiff did not allege she was unable to brew coffee, which was the ordinary purpose of her coffee maker). Because Plaintiff fails to allege any facts that, if true, would show her Ovens were unfit for their ordinary purpose of preparing food, her MCPA implied warranty claim should be dismissed.

## II. PLAINTIFF FAILS TO PLEAD A FACIALLY PLAUSIBLE CLAIM FOR BREACH OF CONTRACT UNDER MICHIGAN LAW

Plaintiff fails to plead a plausible contract claim as well. Regardless of what she alleges in her Complaint, privity is an essential element of a claim for breach

---

[1] *Stewart* involved an oven in which use of the self-clean cycle caused the thermostat to fail. 304 F. Supp. 3d at 900. When the thermostat was repaired, the plaintiff was instructed to not use the self-clean cycle again. *Id.* The court found that the oven was unfit for its ordinary purposes of cooking food because it was unsafe to use during the period between the thermostat failure and its repair. *Id.* at 913. In making its decision, the court acknowledged that the self-clean feature was an "ancillary feature," the failure of which would normally not make a product unfit for its usual purpose. *Id.* The situation in *Stewart* was unique, however, because the ancillary feature had temporarily prevented the oven from "operat[ing] in a safe and reliable manner." *Id.*

of contract under Michigan law. *Downriver Internists v. Harris Corp.*, 929 F.2d 1147, 1149 (6th Cir. 1991). In *Schechner*, this Court held privity did not exist between Whirlpool, the remote manufacturer, and consumers who bought Ovens from third-party retailers, and dismissed the plaintiffs' contract claims. *Schechner v. Whirlpool Corp.*, 237 F. Supp. 3d 601, 608 (E.D. Mich. 2017).

Plaintiff has not alleged facts to distinguish this case from *Schechner*. She alleges that "Whirlpool offered to sell the AquaLift Ovens that would 'self-clean' heavy baked-on soils from the interior of an AquaLift Oven in under one hour," that "Plaintiff and Class members accepted Whirlpool's offer," and that "Whirlpool breached this contact by delivering a Whirlpool oven . . . that . . . was incapable of 'self-cleaning.'" (Compl. ¶ 88-89, PgID 46.) Yet elsewhere in her Complaint, Plaintiff admits that she bought her Ovens from Witbeck and The Home Depot, not from Whirlpool. (Compl. ¶ 17, PgID 22.) These allegations mirror the *Schechner* contract allegations, which this court has found failed to state a plausible claim. (*Compare id. with Schechner* First Am. Class Action Compl. ¶¶ 198-200, No. 2:16-cv-12409-SJM-RSW, ECF No. 5, PgID 118.)

Trying to avoid the same fate, Plaintiff adds one paragraph to her contract allegations in which she claims—incorrectly—that privity is not required to establish her claim for breach of contract. (Compl. ¶ 91, PgID 47.) She adds: "Plaintiff and Class members were intended third-party beneficiaries of all

13

contracts between Whirlpool and its authorized retailers of AquaLift Ovens, and Plaintiff is therefore entitled to enforce said contract in the event of a breach." (*Id.*) This conclusory allegation of third-party beneficiary status, however, is insufficient to state a claim.

Only a promise that was undertaken "directly to or for" Plaintiff can give her contractual rights as a third-party beneficiary. *See* Mich. Comp. Laws § 600.1405(1). To recover as a third-party beneficiary, she "must plead and prove that the contracting parties . . . specifically intended for [her] to benefit from their agreement." *See Judkins v. HSBS Mortg. Servs.*, No. 13–CV–12357, 2014 WL 1260136, at *6 (E.D. Mich. Mar. 26, 2014). "Simply offer[ing] the legal conclusion" that she is a third-party beneficiary of an agreement does not meet her pleading obligations. *See id.*; *see also H & H Wholesale Servs., Inc. v. Kamstra Int'l, B.V.*, 373 F. Supp. 3d 826, 844-45 (E.D. Mich. 2019) (finding that, when "all [plaintiffs] plead is that they 'are intended third-party beneficiaries'" of an agreement, they have not stated a claim for breach of contract); *Montgomery v. Kraft Foods Glob., Inc.*, No. 1:12–CV–00149, 2012 WL 6084167, at *14 (W.D. Mich. Dec. 6, 2012) ("Plaintiff merely alleges that she is a third-party beneficiary, which does not meet the required plausibility standard.").

Plaintiff's third-party beneficiary allegation is facially insufficient because it states only a legal conclusion. But the contracts themselves deliver a fatal blow to

14

her bid for third-party beneficiary status.[2] Whirlpool's contract with Witbeck

Appliance Mart, from which Plaintiff bought her first Oven, expressly disclaims

the creation of third-party beneficiaries: "Dealer may not enter any promise,

warranty, contracts or other commitment for Whirlpool or obligate Whirlpool to

third parties." (Ex. 1 (Lin Decl.) at 1.B ¶ 22.)[3] Whirlpool's contract with The

Home Depot contains the same language. (Ex. 1 at 1.A ¶ 27(g).) These contracts

do not contain "an express promise to act to the benefit of [a] third party." *See*

*Kisiel v. Holz*, 725 N.W.2d 67, 69-70 (Mich. Ct. App. 2006). They contain the

opposite. Because these contracts explicitly disclaim the creation of third-party

rights, the Court should dismiss Plaintiff's breach of contract claim with prejudice.

---

[2] Because Whirlpool's retailer contracts were referenced in Plaintiff's Complaint (Compl. ¶ 91, PgID 47), the Court may consider them in resolving this motion. *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007) ("[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment."); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 568 n.13 (2007) (stating that district court may take judicial notice of full statement when portions of it were referenced in plaintiffs' complaint). In the event the Court believes that it cannot rely on the agreements without conversion of this motion to a motion for summary judgment, Whirlpool rests on its earlier legal arguments.

[3] Because Whirlpool could not reach agreement with Plaintiff's counsel to file its customer contracts under seal, it is filing redacted versions in support of this Motion. Whirlpool does not rely on any of the redacted language but will make unredacted versions available to the Court upon request.

## **CONCLUSION**

For all these reasons, the Court should enter judgment for Whirlpool on

Plaintiff's Complaint.

Dated: November 1, 2019                    Respectfully submitted,

                                           *s/Michael T. Williams*
                                           Michael T. Williams
                                           (CO Bar #33172,
                                           Admitted in E.D. Michigan)
                                           Jessica G. Scott
                                           (CO Bar #37287,
                                           Admitted in E.D. Michigan)
                                           Wheeler Trigg O'Donnell LLP
                                           370 Seventeenth Street, Suite 4500
                                           Denver, CO  80202-5647
                                           Phone:  303.244.1800
                                           Fax:     303.244.1879
                                           Email:  williams@wtotrial.com
                                                       scott@wtotrial.com

                                           Howard B. Iwrey
                                           James P. Feeney
                                           Dykema Gossett PLLC
                                           39577 Woodward Avenue, Suite 300
                                           Bloomfield Hills, MI 48304
                                           Phone:  248.203.0526
                                           Email:  hiwrey@dykema.com
                                                       jfeeney@dykema.com

                                           *Attorneys for Defendant*
                                           *Whirlpool Corporation*

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I certify that, on November 1, 2019, I electronically filed the foregoing

**Whirlpool's Corporation's Motion for Judgment on the Pleadings**, and

**Whirlpool Corporation's Memorandum in Support of Motion for Judgment**

**on the Pleadings** with the Clerk of Court using the ECF system, and served by

email and U.S. Mail, postage prepaid, on Stuart A. Davidson, Christopher C. Gold,

and Bradley Beall at Robbins Geller Rudman & Dowd, 120 East Palmetto Park

Road, Suite 500, Boca Raton, Florida 33432, and on Samuel H. Rudman and Mark

S. Reich at Robbins Geller Rudman & Dowd, 58 South Service Road, Suite 200,

Melville, NY 11747.

> *s/Michael T. Williams*
> Michael T. Williams
> (CO Bar #33172,
> Admitted in E.D. Michigan)
> Wheeler Trigg O'Donnell LLP
> 370 Seventeenth Street, Suite 4500
> Denver, CO  80202-5647
> Phone:  303.244.1800
> Email:  williams@wtotrial.com
>
> *Attorney for Defendant*
> *Whirlpool Corporation*